CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JUN 1 1 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP CORDOVA,

    Applicant,

v.    No. CIV-99-0156 JP/LCS

TIM LeMASTER,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss (Doc. #11) filed March 31, 1999. Respondent asserts that Applicant's application for writ of habeas corpus should be dismissed as a "second or successive" application under 28 U.S.C. § 2244(b)(2) & (3). Specifically, Respondent argues that Applicant's claims are barred under the procedural requirements of section 2244(b)(2)(B)(i)-(ii) because Applicant previously filed a section 2254 application in *Cordova v. Sannicks*, No. CIV-95-1505 LH/JHG ("*Cordova I*"). Respondent cites no authority for the relief sought other than the language in section 2244(b), and for the reasons below, the motion will be denied.

The application in *Cordova I* attacked a 1979 conviction; the instant application attacks a 1983 conviction. Both convictions were entered by the New Mexico Second Judicial District Court. *Cordova I* did not attack the 1983 conviction, even though Applicant was already serving the 1983 sentence at that time. As Respondent alleges, the *Cordova I* application states that Applicant did not contemplate filing a petition attacking the 1983 conviction. Applicant concedes he has previously filed an application under § 2254, but he claims the instant application attacks a separate conviction and is not subject to the provisions of § 2244(b).

Respondent's motion raises a two-part question: (1) where an applicant is serving sentences



for two separate convictions by the same court and has previously filed a section 2254 application against one conviction, is the application attacking the other conviction "second or successive?" and (2) if not, are the claims in the subsequent application subject to scrutiny under section 2244(b)(2)? The question is easily answered in spite of the motion's attempt to blur the distinction between claims and applications. The pertinent statutory language is found in Rule 2(d) of the Rules Governing Section 2254 Cases. Under Rule 2(d), an application may attack only a judgment or judgments of a single court. As stated in the 1976 Advisory Committee Notes, Rule 2(d) "permits, but does not require, an attack in a single petition on judgments based upon separate indictments." Respondent provides no authority for the implied proposition that the 1996 enactment of section 2244(b)(2), which requires dismissal of certain claims "in a second or successive" application, nullified the permissive effect of Rule 2(d). Under Rule 2(d), Applicant was not required to attack both convictions in his first application, and thus his instant application is not "second or successive."

Because Applicant has not filed a "second or successive" application requiring appellate authorization under section 2244(b)(3), his claims are not subject to scrutiny under section 2244(b)(2). *Cf. Cagle v. Champion*, 116 F.3d 489, 1997 WL 346038 (10th Cir. 1997) (unpublished table decision) (indicating that a second petition is "new" if it attacks conviction of a separate court) (dictum); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998) (subsequent petition does not become "successive" simply because it "contain[s] new habeas claims not presented in the first petition."). The motion will be denied.

IT IS THEREFORE ORDERED that Respondent's motion to dismiss (Doc. #11) filed March 31, 1999, is DENIED.

UNITED STATES DISTRICT JUDGE

2