IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP A. CORDOVA,

       Petitioner,

vs.                            No. CIV 99-156 JP/LCS

TIM LeMASTER, Warden
and PATRICIA MADRID,
Attorney General,

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION


THIS MATTER comes before the Court upon Respondents' Motion to Dismiss Petition as Time-Barred with Supporting Arguments and Authorities, filed June 29, 1999 *(Doc. 15)*. For the reasons stated, I propose finding that the motion is well-taken and recommend that it be granted.

Proposed Findings

1.      Petitioner Phillip A. Cordova is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Second Judicial District Court for the County of Bernalillo, State of New Mexico dated January 20, 1983 ("Judgment and Sentence"). By that Judgment and Sentence, Petitioner was convicted on thirty separate counts contained in two indictments, including armed robbery and attempted first degree murder with firearm enhancements to each count. Petitioner was

sentenced to nineteen years imprisonment on one of the armed robbery counts and ten years imprisonment on the attempted first degree murder count, with the sentences to run consecutively. Petitioner was also sentenced on the remaining twenty-eight counts, with those sentences to run concurrently with the armed robbery and attempted first degree murder sentences.

2.     Respondents assert that this 28 U.S.C. §2254 petition for *habeas corpus* relief should be dismissed as untimely pursuant to 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

3.     The following is a time line of the relevant events in this case:

January 20, 1983.    The Judgment, Sentence and Commitment ("Judgment and Sentence") is filed.

April 28, 1996.    Petitioner signs, and alleges to have mailed, a "Motion for Post-Conviction Remedy"  This motion is apparently misplaced or otherwise forgotten by the district judge and remains pending until it is denied by Judge Blackmer on November 10, 1997.

September 18, 1996.    Petitioner mails a state *habeas corpus* petition to the state district court. This petition is denied by Judge Sanchez on September 24, 1997 and the New Mexico Supreme Court denies Petitioner's application for a writ of certiorari on October 22, 1997.  A second writ of certiorari that may or may not be applicable to this state *habeas corpus* petition is denied on January 6, 1998.

January 6, 1998.    The New Mexico Supreme Court denies Petitioner's application for a writ of certiorari to review Judge Blackmer's November 10, 1997 decision.  At this point, no state proceedings remain pending.

January 7, 1999.    Petitioner mails a Petition for Writ of Mandamus to the New Mexico Supreme Court.  The petition is denied on January 19, 1999.

February 10, 1999.    Petitioner alleges mailing his petition in this case.  The petition is filed by the Clerk of the Court on February 16, 1999.

4.     Ordinarily, the limitation period in Section 2244(d) would begin to run on the date

when Petitioner's conviction became final due to the conclusion of direct appellate review by the

state courts.  However, Petitioner's Judgment and Sentence became final prior to the enactment

of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996.  Therefore,

the grace period allowed under *United States v. Simmonds*, 111 F.3d 737, 744-45 (10th Cir.

1997) applies.  Under *Simmonds*, state prisoners whose convictions became final prior to April

24, 1996, must file their petitions within one year of the AEDPA's enactment.

5.     The one-year *Simmonds* grace period is tolled for "[t]he time during which a

properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  *See Hoggro v. Boone*, 150

F.3d 1223, 1226 (10th Cir. 1998). The parties agree that Petitioner submitted at least one

"properly filed application" for review of his conviction by the state court, i.e., his September 18,

1996 state *habeas corpus* petition.  That petition was finally denied no later than January 6, 1998.

6.     The parties disagree about whether or not Petitioner's April 28, 1996 "Motion for

a Post-Conviction Remedy" and January 7, 1999 "Petition for a Writ of Mandamus" are properly

filed motions that fall under the tolling provisions of Section 2244(d)(2).  I recommend finding

that it is not necessary to decide this issue.  Even assuming that they are properly filed motions

that toll the grace period, Petitioner nonetheless fails to meet the deadlines.

7.     It is undisputed that four days passed, from the April 24, 1996 enactment of the

AEDPA until Petitioner filed his April 28, 1996 motion, during which no state court procedure

was pending.  It is also undisputed that 366 days passed from January 6, 1998 when Petitioner's

second application for certiorari was denied until Petitioner filed his second application for a writ

3

of mandamus on January 7, 1999. Finally, another 22 days passed from January 19, 1999 (denial of Petitioner's second writ of mandamus) until February 10, 1999 when Petitioner mailed his federal *habeas corpus* petition. Therefore, one year and twenty-seven days passed from the enactment of the AEDPA until Petitioner filed his federal petition during which no state court action was pending.

8.    Petitioner presents several matters in his response to the Motion to Dismiss that appear to raise the question of whether equitable tolling should apply. For example, Petitioner points out the delays that resulted when Judge Blackmer's clerk misplaced the petitions and pleadings in the state *habeas corpus* proceedings. Petitioner also claims that he was not provided legal materials from 1992 until 1997 while he was confined in a Nevada prison, and that prior to 1992 he was blinded and was not able to prepare pleadings. However, further equitable tolling is inappropriate here because for all of these periods (with the possible exception of April 24-28 1996), no *Simmonds* grace period time was running. The "*Simmonds* clock" was stopped during the entire period when Judge Blackmer was deciding the state *habeas corpus* motion, and any delays before April 24, 1996 are irrelevant under the *Simmonds* rule. Petitioner offers no valid reason why equitable tolling should excuse his failure to take action between January 6, 1998 and January 7, 1999 or between January 19, 1999 and February 10, 1999.

9.    Petitioner argues that the AEDPA time limit should not apply to him because he was not sentenced to the death penalty or for an act of terrorism. It is well accepted law that the time limitation contained in 28 U.S.C. § 2244(d) is not limited to crimes of terrorism or to crimes punishable by death. *See Hansell v. LeMaster*, No. 98-2207, 1999 WL 258335, at *1 (10th Cir. Apr. 30, 1999) (unpublished opinion).

10.    Petitioner also argues that Respondents should not be allowed to file another motion to dismiss, as the Court has denied Respondents' earlier motion to dismiss.  Respondents' earlier motion raised jurisdictional issues that are different from the timeliness issues raised in the present motion.  Although it would have been preferable for Respondents to raise the timeliness issue in their first motion to dismiss, nothing precludes Respondents from raising this issue at this time.  In fact, the *habeas corpus* rules contemplate that there may be several stages in the proceedings where dismissal may be appropriate without an evidentiary hearing.  *See* Advisory Committee Note to Rule 8 of the Rules Governing Section 2254 Cases (provisions for evidentiary hearing "are applicable if the petition has not been dismissed at a previous stage in the proceeding [including a summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or dismissal after considerations of the pleadings and an expanded record].")

Recommended Disposition

I recommend that Respondents' Motion to Dismiss Petition as Time-Barred, filed June 29, 1999 *(Doc. 15)*, be GRANTED and that the Petition be DISMISSED with prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no

objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\Brian\99-156 pfd

6